# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JOEL BLOGREF, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | |
| v. | ) | No. 18-2471-KHV |
| | ) | |
| SEDGWICK COUNTY SHERIFF DEPARTMENT, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

Joel Blogref brings suit against the Sedgwick County Sheriff Department, alleging sex discrimination based on a hostile work environment in violation of Title VII of the Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e, retaliation in violation of Title VII, retaliation in violation of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq., negligent supervision and constructive discharge. This matter is before the Court on Defendant's Motion To Dismiss Plaintiff's Complaint Under Federal Rules Of Civil Procedure 12(b)(5) and (6) (Doc. #6) filed October 8, 2018. Defendant seeks dismissal of plaintiff's claims for, *inter alia*, insufficient service of process. For reasons stated below, the Court finds that plaintiff has not effectively served defendant but grants plaintiff until **June 3, 2019** to obtain sufficient service of process.

## Legal Standards

Pursuant to Rule 12(b)(5), Fed. R. Civ. P., the Court may dismiss a complaint for insufficient service of process. Examples of insufficient service include serving the wrong person or serving an individual not authorized to accept service for defendant. See 2 James Wm. Moore, Moore's Federal Practice ¶ 12.33 [4] at 12-54 (3d ed.1997). In opposing a motion to dismiss for

insufficient service of process, plaintiff bears the burden to make a prima facie case that he has satisfied statutory and due process requirements so as to permit the Court to exercise personal jurisdiction over defendant. See Bernard v. Husky Truck Stop, No. 93-2241-JWL, 1994 WL 171732, at *1 (D. Kan. Apr. 20, 1994), aff'd, 45 F.3d 439 (10th Cir. 1995). The parties may submit affidavits and other documentary evidence for the Court's consideration, and plaintiff is entitled to the benefit of any factual doubt. See id.

## Background

On August 31, 2018, plaintiff filed his complaint against the Sedgwick County Sheriff Department. On September 17, 2018, plaintiff served process on Laura Oblinger, defendant's legal advisor. Executed Summons (Doc. #5) filed September 18, 2018 at 2. On October 8, 2018, defendant filed a motion to dismiss plaintiff's complaint on several grounds, including insufficient service of process under Rule 12(b)(5), Fed. R. Civ. P.

## Analysis

Defendant asks the Court to dismiss plaintiff's claims for insufficient service of process because plaintiff served the summons and complaint on Laura Obligner, defendant's legal advisor. Plaintiff replies that he is still within the 90-day time period for service of process and that the Court cannot dismiss his complaint for insufficient service of process. See Rule 4(m), Fed. R. Civ. P.

A plaintiff may serve a state or local governmental agency (1) "by delivering a copy of the summons and of the complaint to its chief executive officer" or (2) by serving the summons and complaint in the manner prescribed by state law. Fed. R. Civ. P. 4(j)(2). Plaintiff did not comply with the first alternative because he did not personally deliver a copy of the summons or name the chief executive officer of the Sedgwick County Sheriff Department. Plaintiff also did not comply

with service requirements under state law. Under Kansas law, a plaintiff properly serves a county "by serving one of the county commissioners, the county clerk or the county treasurer." Kan. Stat. Ann. § 60-304(d)(1). Under Kansas law, "[w]hen the statute designates a particular officer to whom process must be delivered and with whom it may be left, . . . no other officer or person can be substituted in [her] place. The designation of one particular officer upon whom service may be made excludes all others." Knight v. State of Kansas, No. 89-2392-O, 1990 WL 154206, at *2 (D. Kan. Sept. 6, 1990) (quoting Amy v. City of Watertown, 130 U.S. 301, 316-17 (1889)); see Oltremari v. Kan. Social & Rehab. Serv., 871 F. Supp. 1331, 1353 (D. Kan. 1994) ("Requiring personal service upon the chief executive officer of a state agency assures that the person in charge of the agency receives the service of process. . . . [A]ctual notice of the suit does not confer personal jurisdiction over the defendant.").

As noted, in response to defendant's motion to dismiss, plaintiff asserts that he is still within the 90-day time period for service of process. Plaintiff's Response In Opposition To Defendant's Motion To Dismiss Plaintiff's Complaint Under Federal Rules Of Civil Procedure 12(b)(5) and (6) and Request For Leave To Amend The Complaint (Doc. #8) filed October 26, 2018 at 3. While this statement was accurate when plaintiff filed his response, the 90-day period has now expired, and the record does not reflect that he has since properly served defendant.

Accordingly, pursuant to Rule 12(b)(5), the Court quashes service and dismisses without prejudice plaintiff's complaint against the Sedgwick County Sheriff Department. See Gregory v. United States Bankruptcy Court, 942 F.2d 1498, 1500 (10th Cir. 1991) (when court finds that service is insufficient but curable, it generally should quash service and give plaintiff an opportunity to re-serve defendant) (quoting Pell v. Azar Nut Co., 711 F.2d 949, 950 n.2 (10th Cir. 1983)), cert. denied, 504 U.S. 941 (1992). On or before **June 3, 2019**, plaintiff shall re-serve the

Sedgwick County Sheriff Department pursuant to Rule 4 of the Federal Rules of Civil Procedure and file a return of service which confirms such service.

**IT IS THEREFORE ORDERED** that plaintiff's Complaint (Doc. #1) filed August 31, 2018 is **DISMISSED without prejudice**.

**IT IS FURTHER ORDERED** that Defendant's Motion To Dismiss Plaintiff's Complaint Under Federal Rules Of Civil Procedure 12(b)(5) and (6) (Doc. #6) filed October 8, 2018, which the Court construes in part as a motion to quash service, is **SUSTAINED**.

Dated this 17th day of May, 2019 at Kansas City, Kansas.

s/ Kathryn H. Vratil  
KATHRYN H. VRATIL  
United States District Judge